UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

| | |
|---|---|
| ALEXANDER CLAUDE PALMER,<br><br>Plaintiff,<br><br>vs.<br><br>BLOCK INC. D/B/A CASH APP,<br><br>Defendant. | Civil Case No.:1:25-cv-01809<br><br>**COMPLAINT AND JURY TRIAL DEMAND**<br><br>1. EFTA, 15 U.S.C. § 1693 et seq.<br>2. COMMON LAW CONVERSION<br>3. NY GENERAL BUSINESS LAW § 349 et seq. |

## COMPLAINT

Alexander Claude. Palmer ("Plaintiff" or "Mr. Palmer") brings this action on an individual basis against Block Inc. d/b/a Cash App ("Block Inc." or "Defendant") for violations of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 et seq., as well as for common law conversion, and alleges as follows:

## INTRODUCTION

1. The computerization of our society has resulted in a revolutionary increase in the accumulation and processing of data concerning individual American consumers. Data technology, whether it is used by businesses, banks, the Internal Revenue Service or other institutions, allows information concerning individual consumers to flow instantaneously to requesting parties. Such timely information is intended to lead to faster and better decision-making by its recipients and, in theory, all of society should ultimately benefit from the resulting convenience and efficiency.

2. However, unfortunately this information has also become readily available for, and subject to, mishandling and misuse. Individual consumers can and do sustain substantial damage, both economically and emotionally, whenever inaccurate or fraudulent information is disseminated and/or obtained about them.

3. Further, in the advent of the digital economy and banking system, electronic funds transfers have become commonplace.

4. Electronic funds transfers allow for the transfer of funds via an electronic terminal, telephonic instruction, or computer or magnetic tape.

5. At all relevant times, an unknown third party, initiated and received the benefit of funds from Plaintiff's bank account with Defendant, which were electronically transferred from Plaintiff's bank account with Defendant without Plaintiff's authorization, consent, or awareness.

6. Accordingly, Plaintiff brings a claim against Defendant for failing to fully and properly reinvestigate Plaintiff's dispute and review all relevant information provided by Plaintiff, in violation of the Electronic Funds Transfer Act.

7. As part of this action, Plaintiff seeks actual, statutory, and punitive damages, costs and attorneys' fees from Defendant for its willful and/or negligent violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq.*, as described herein.

## PARTIES

8. Alexander Claude Palmer ("Plaintiff" or "Mr. Palmer") is a natural person residing in Brooklyn, New York, and is a "consumer" as that term is defined in 15 U.S.C. § 1693a(6).

9. Plaintiff is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).

10. At all relevant times, Plaintiff had a checking account number of 1312855417083 in his name with Defendant, connected to a Cash App card ending in card number *6823 (hereinafter, "Plaintiff's Account").

11. At all relevant times, Plaintiff's Account was established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

12. At all relevant times, Plaintiff's Account was an "account" and constituted an "account" as defined by 15 U.S.C. § 1693a(2) and 12 C.F.R. 1005.2(b)(1).

13. Defendant Block Inc. d/b/a Cash App ("Block Inc." or "Defendant") is a national bank with its main branch and/or headquarters in 1955 Broadway, Suite 600, Oakland, California 94612 and is authorized to conduct business in the State of New York, including within this District.

14. At all relevant times, Defendant was a bank that held Plaintiff's Account.

15. At all relevant times, Defendant is a "financial institution" as that term is defined by 15 U.S.C. § 1693a(9).

16. At all relevant times, Defendant is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).

## JURISDICTION AND VENUE

17. This action arises out of Defendant's violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et. seq*.

18. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1693m, which allows claims under the Electronic Funds Transfer Act to be brought in any appropriate court of competent jurisdiction.

19. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## STATEMENT OF FACTS

### Summary of the Electronic Fund Transfer Act ("EFTA")

20. In 1978, Congress passed the Electronic Fund Transfer Act (EFTA) (15 U.S.C. § 1693 *et. seq.*) to protect individual consumers from fraudulent, or unauthorized electronic fund transfers from their bank accounts.

21. The stated purpose of the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et. seq.*, ("EFTA"), is to "provide a basic framework establishing the rights, liability, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b). EFTA's "primary objective…is the provision of individual consumer rights." *Id*. Moreover, the language of the EFTA indicates that the consumer protection measures contemplated by it are aimed at promoting disclosure, preventing fraud, and allocating liability. *Id.*, at 1693d-1.

22. The EFTA is implemented through Regulation E, 12 CFR 1005.

23. Regulation E defines an "Account" for purposes of the act to include a "[c]hecking…account held by a financial institution…established primarily for personal, family, or household purposes." 12 CFR 1005.2(b)(1).

24. An "electronic fund transfer" ("EFT") includes "any transfer of funds initiated through an electronic terminal, telephone, computer, or magnetic tape for the purpose of ordering, instructing, or authorizing a financial institution to debit or credit a consumer's account." 12 CFR 1005.2(b)(3).

25. An "Unauthorized electronic fund transfer" is an EFT from a consumer's account initiated by a person other than the consumer without actual authority to initiate the transfer and from which the consumer receives no benefit. 12 CFR 1005.2.

4

26. A consumer who provides notice to their financial institution of an unauthorized transfer of funds from their account within "60 days after the transmittal of the periodic statement on which the unauthorized transfer first appears" has no liability for the transfer. 12 CFR 1005.6.1.

27. A financial institution that fails to apply this limit of liability properly violates the EFTA.

28. Additionally, a financial institution that fails to promptly investigate in good faith, fails to conduct a "reasonable" investigation, or fails to notify the consumer of the results of an investigation within 3 business days violates the EFTA.

29. In this investigation, the financial institution bears the burden of proving that the alleged Unauthorized EFT was, in fact, authorized.

30. The failure by a financial institution (or any person) to comply with any provision of the EFTA makes the institution liable for:

   (a) Any actual damage sustained by the consumer of the failure;

   (b) In an individual action, damages of up to $1,000; and,

   (c) Costs of the action and the reasonable attorney's fees as determined by the court.

15 U.S.C. § 1693m.

31. Additionally, 15 U.S.C. § 1693f(e) provides that the consumer's damages shall be trebled "in any action under 1693m…if the Court finds that":

   (a) The financial institution did not provisionally recredit a consumer's account within ten days, *and* the financial institution (1) did not make a good faith

investigation of the alleged error[1], or (2) did not have a reasonable basis for believing that the consumer's account was not in error; or

  (b)  The financial institution knowingly and willfully concluded that the consumer's account was not in error when such a conclusion could not reasonably have been drawn from the evidence available to the financial institution at the time of its investigation.

32. The financial institution must also provide notice of the results of its investigation within 3 business days of completing it. 12 CFR 1005.11.

33. A financial institution that fails to apply the limitations on liability property to an unauthorized transfer reported within sixty days is liable for recrediting the amount of the transfer as well as actual damages, additional damages of up to $1,000.00, costs and attorney's fees.

34. Additionally, when a financial institution does not make a good faith investigation of the error, concludes that an unauthorized transfer was "authorized" without reasonable basis, knowingly and willfully concludes there is "no error," is liable for treble damages.

35. Claims under the EFTA and regulation E are additional to other remedies that may be available to a consumer.

**Money Has Been Stolen from Plaintiff's Account**

36. On March 1, 2025, Plaintiff was at home relaxing and enjoying his day when he noticed multiple electronic funds transfers on a date, in an amount, and to a recipient that he did not recognize and/or authorize.

37. Specifically, on or about March 1, 2025, the following electronic funds transfers occurred and were unauthorized (collectively, the "Unauthorized Transactions"):

---

[1] "Errors" includes an unauthorized transfer. 12 CFR 1005.11.

6

      i.      An ATM Withdrawal from Taixing Laundrymat LLC d/b/a Super Spin Laundromat located in Hartford, Connecticut, on Mar 1, 2025, in the amount of $205.00;

      ii.      An ATM Withdrawal from Taixing Laundrymat LLC d/b/a Super Spin Laundromat located in Hartford, Connecticut, on Mar 1, 2025, in the amount of $205.00;

      iii.      An ATM Withdrawal from Taixing Laundrymat LLC d/b/a Super Spin Laundromat located in Hartford, Connecticut, on Mar 1, 2025, in the amount of $205.00; and

      iv.      An ATM Withdrawal from Taixing Laundrymat LLC d/b/a Super Spin Laundromat located in Hartford, Connecticut, on Mar 1, 2025, in the amount of $200.00.

38. Plaintiff discovered the Unauthorized Transactions on March 1, 2025, when checking the account activity of Plaintiff's Account.

39. Plaintiff did not authorize or initiate the Unauthorized Transactions.

40. On or about March 1, 2025, Plaintiff did not initiate any of the Unauthorized Transactions.

41. Plaintiff did not provide consent for any of the ATM withdrawals at Taixing Laundrymat LLC d/b/a Super Spin Laundromat.

42. Plaintiff did not provide consent to Defendant to electronically transfer funds from Plaintiff's Account for any of the Unauthorized Transactions.

43. Plaintiff did not provide consent to any unknown third party to electronically transfer funds from Plaintiff's Account for any of the Unauthorized Transactions.

44. Plaintiff disputes the electronic funds transfer of any of the Unauthorized Transactions on or about March 1, 2025.

45. Plaintiff reasonably believes that he was the victim of debit card shimming or skimming, which is a technique used by identity thieves to steal credit/debit card data.

**Plaintiff Disputes the Unauthorized Fund Transfer with Defendant**

46. On or about March 1, 2025, Plaintiff, from his home in Brooklyn, immediately contacted a Cash App representative by telephone to dispute the unauthorized electronic fund transfers ("Plaintiff's Dispute").

47. Specifically, Plaintiff notified the Cash App representative that he believed there was an error or otherwise unauthorized electronic funds transfers pertaining to the Unauthorized Transactions from Plaintiff's Account.

48. The representative informed Plaintiff that the ATM transactions were made in Connecticut and the merchant's name was Taixing Laundrymat LLC.

49. Plaintiff provided Defendant, via Cash App, with notice of the circumstances as to why the transfer of funds in connection with the Unauthorized Transactions by an unknown third party on or about March 1, 2025, were either erroneous or otherwise unauthorized as follows:

    (a) Plaintiff never authorized the electronic funds transfer from Plaintiff's Account;

    (b) Plaintiff never provided the unknown third party with permission, consent, or authority to electronically transfer funds from Plaintiff's Account; and,

    (c) Plaintiff did not initiate any of the transactions in connection with the Unauthorized Transactions on or about March 1, 2025.

50. Plaintiff is unemployed and was shocked, distressed and frantic that a substantial majority of the funds that he had saved, and which he entrusted Defendant with, were lost.

**Defendant failed to Conduct a Reasonable and Sufficient Investigation of Plaintiff's Disputes**

51. On or about March 3, 2025, within two days of Plaintiff's dispute, Plaintiff was notified by Defendant, via Cash App, that his dispute was rejected on the basis that the disputed transactions were authorized and no error occurred.

52. Thereafter, Plaintiff requested the documents Defendant relied upon in determining the outcome of his dispute.

53. On or about March 5, 2025, Plaintiff received a letter from Defendant which included a summary of the Unauthorized Transactions which Defendant claimed it analyzed when making its determination. Defendant also stated that it reviewed Plaintiff's account/transaction history but failed to provide Plaintiff with documentation reflecting such history.

54. To date, Defendant has failed to credit Plaintiff the unauthorized electronic transfer of funds in connection with the Unauthorized Transactions.

55. To date, Defendant has not conducted a sufficient investigation of the unauthorized electronic funds transfers complained of by Plaintiff.

56. To date, Defendant has not sufficiently reported the result of any putative investigation it conducted of the unauthorized electronic funds transfer complained of by Plaintiff.

57. To date, Defendant has failed to provide Plaintiff with all documentation and evidence considered in the reinvestigation of his dispute regarding the unauthorized electronic funds transfer, as required. This thereby left Plaintiff baffled and confused by the erroneous investigation results provided by Defendant.

58. To date, Defendant has not issued Plaintiff a credit for the funds electronically transferred in connection with the Unauthorized Transactions from Plaintiff's Account.

59. Defendant never provided Plaintiff with notice that he is entitled to request the documents or information utilized in coming to the conclusion that Plaintiff authorized the disputed electronic funds transfers.

60. Defendant failed to conduct a reasonable investigation. Defendant did not make a good faith investigation of the unauthorized electronic fund transfers in connection with the Unauthorized Transactions.

61. Defendant did not have a reasonable basis for believing that the electronic fund transfers from Plaintiff's Account were not fraudulent.

62. Defendant did not have a reasonable basis for believing that the contents of Plaintiff's dispute were inaccurate.

63. Defendant was unreasonable in concluding that Plaintiff made the disputed electronic funds transfers with the information then available to it.

64. Defendant knowingly and willfully concluded that the electronic funds transfers from Plaintiff's Account were authorized by Plaintiff when such a conclusion could not reasonably have been drawn from the evidence available to Defendant at the time of its investigation.

65. Presently, Plaintiff remains without the funds electronically transferred from Plaintiff's Account in connection with the Unauthorized Transactions.

66. Defendant has imposed liability on Plaintiff for the entirety of the disputed transactions.

67. Plaintiff is neither legally responsible for nor obligated to pay the disputed amounts electronically transferred from Plaintiff's Account.

68. At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

69. At all times pertinent hereto, the conduct of Defendant, as well as that of its respective agents, servants, and/or employees, was intentional, willful, reckless, grossly negligent and in utter disregard for federal law and the rights of Plaintiff herein.

**A. Defendant Willfully Failed to Investigate the Unauthorized Transactions**

70. The EFTA and Regulation E establishes error-resolution procedures for unauthorized electronic fund transfers. Specifically, the EFTA requires a financial institution that receives timely notice from a consumer of an error to investigate the alleged error, determine whether an error has occurred, and report or mail the results of the investigation and its determination to the consumer within 10 business days. *See generally* 15 U.S.C. §§1693f, 1693g.

71. The EFTA places the burden of proof on the financial institution to show that the consumer is liable for unauthorized transfers.

72. A reasonable investigation would have included review of one or more of the following items, which would have led Plaintiff to conclude that the fraud had occurred and would have revealed, among other things, that:

    (a) Plaintiff did not authorize or consent to the disputed transactions on his debit card and received no benefit from the Unauthorized Transactions;

    (b) Plaintiff promptly reported the fraudulent transactions, and has consistently disputed the validity of the transfers, both in person and by telephone;

    (c) Plaintiff's location at the time of the unauthorized transactions is inconsistent with the location where the unauthorized transactions occurred;

    (d) Plaintiff has never before initiated transactions with the subject merchant - Taixing Laundrymat LLC.

  (e)  Plaintiff does not recall the last time he visited Connecticut, the location of the subject merchant and occurrence of the unauthorized transactions at issue.

  (f)  Plaintiff was the victim of identity theft and fraud;

  (g)  Plaintiff has no history of making false or unverifiable fraud reports;

  (h)  Plaintiff has no history of irresponsible or fraudulent account use;

  (i)  No other proof exists to refute Plaintiff's claim.

73. The Defendant is aware of the shortcomings of its procedures and intentionally chooses not to comply with the EFTA to lower its costs.

74. In fact, Defendant is well aware of its deficient investigation procedures concerning compliance with the Electronic Fund Transfer Act's error resolution requirements. In January 2025, the Consumer Financial Protection Bureau ("CFPB") issued a public enforcement order against Block Inc., finding that the company had systematically failed to properly investigate consumer reports of unauthorized electronic fund transfers, in direct violation of the EFTA and Regulation E. The CFPB concluded that Defendant routinely denied error claims without conducting reasonable or good faith investigations, misled consumers about their rights, and failed to provide adequate customer support. As a result, the CFPB ordered Defendant to pay up to $120 million in consumer redress and imposed an additional $55 million civil monetary penalty, for a total of $175 million in relief. The Bureau's findings confirm that Defendant's violations in this case are not isolated, but rather indicative of a broader pattern of noncompliance with federal law—that continues to persist[2].

75. Accordingly, the Defendant's violations of the EFTA are willful.

---

[2] Block, Inc. | Consumer Financial Protection Bureau

**B. Plaintiff Has Been Damaged By Defendant's Violative Conduct**

76. As a direct and proximate result of the foregoing, Plaintiff suffered out of pocket damages of the funds withdrawn from his depository account in connection with the Unauthorized Transactions, a sum of money that, for Plaintiff, is material.

77. In addition, Defendant's unlawful actions have caused Plaintiff significant additional financial harm and emotional distress. Plaintiff, was unable to meet certain financial obligations, including, but not limited to, rent expenses and has suffered late fees as a result. The wrongful depletion of Plaintiff's savings has not only impacted his immediate financial security but has also created undue stress and anxiety. Plaintiff reasonably relied on Defendant to protect his assets, and Defendant's disregard for its legal duties under the EFTA has compounded the emotional and financial toll on Plaintiff.

78. Defendant's failure to meet its legal obligations under the Electronic Funds Transfer Act (EFTA) has imposed a significant and undue burden on Plaintiff, forcing him to sacrifice both time and peace of mind to seek a resolution. This burden would have been entirely avoidable had Defendant adhered to its obligations under the EFTA by conducting a reasonable reinvestigation, providing Plaintiff with all documents considered in its investigation, and refraining from holding him responsible for unauthorized transfers from his account.

79. Defendant's violations were particularly harmful to Plaintiff, as the unauthorized transactions occurred at a time when Plaintiff had also lost his employment. The timing rendered the withheld funds especially vital to his financial well-being.

80. As a consequence of the resulting pronounced financial instability Plaintiff sustained immense worry, frustration, and distress. Specifically, Plaintiff lived in fear of falling victim to similar fraud in the future, knowing that he would likely have no meaningful recourse to

recover his funds. This ongoing fear, coupled with the uncertainty of how he would meet his impending financial obligations without the lost funds, deepened his sense of vulnerability and distress.

81. As a direct result of Defendant's conduct, actions, and inaction, Plaintiff has suffered substantial harm, including but not limited to: the inability to access, utilize, and benefit from his own depository funds; out-of-pocket financial losses; the considerable expenditure of time in his efforts to notify Defendant of the unauthorized electronic fund transfer and to dispute the transactions; the extensive labor and effort invested in attempting to recover his funds; and emotional distress. Plaintiff has endured ongoing fear over the possibility of further unauthorized electronic fund transfers—transfers that Plaintiff reasonably believes Defendant will continue to ignore or fail to rectify, thereby leaving his financial security vulnerable and unresolved.

<u>**CLAIMS FOR RELIEF**</u>
**COUNT I**
**15 U.S.C. §§ 1693, *et. seq.* (EFTA)**
**Violation of the Electronic Fund Transfer Act and Regulation E for Failure to Comply with Error Resolution Procedures**

82. Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

83. Defendant is a financial institution subject to the requirements of the EFTA.

84. Plaintiff's Account at issue was established primarily for personal, family, or household purposes. 12 CFR 1005.2(b)(1).

85. Plaintiff notified Defendant on March 1, 2025, of the error in Plaintiff's Account in the form of unauthorized electronic fund transfers from the aforementioned account.

86. The aforementioned electronic fund transfers were unauthorized electronic fund transfers, as defined by 15 U.S.C. § 1693a(12); and, 12 C.F.R. 1005.2(m).

87. Defendant was required to initiate a good faith investigation upon notice.

88. Additionally, because the alleged error was an unauthorized EFT, Defendant bore (and bears) the affirmative burden of proof to establish that the EFT was authorized under 15 U.S.C. § 1693g(b).  See also, 83 Federal Register 6364, 6382 (Feb. 12, 2018).[3]

89. Besides bearing the burden of proof for the investigation, Defendant was required to:

    (a) Investigate in good faith and resolve the error within ten business days;

    (b) Conduct a reasonable investigation;

    (c) Support any finding by a reasonable basis for believing the consumer's account was not in error;

    (d) Report to the consumer the results of the investigation within three business days of completing it.  12 CFR 1005.11.

    (e) Provide documentary evidence supporting its position on reinvestigation, if challenged or requested by Plaintiff within ten days of Defendant's notification of its results.

90. Defendant violated the EFTA by failing, after Plaintiff requested a reinvestigation or supporting information, to timely or properly provide the same.

91. Defendant's actions were knowing and willful and in bad faith.

92. Defendant's conduct was in violation of 15 U.S.C. § 1693f(a).

93. Defendant's conduct was in violation of 15 U.S.C. § 1693f(d).

---

[3] Absent the burden of proof, the obligation to act in good faith, and to back any determination by a reasonable basis in fact, any financial institution could simply conduct a cursory or conclusory "investigation," deny the claim, and avoid any loss to itself.

94. As a direct and proximate result of the foregoing, besides any damages above and the cost of this action (all of which are available for any EFTA violation), Defendant is liable for treble damages pursuant to 15 U.S.C. § 1693f(e)(1) and (2).

95. As a direct result of Defendant's conduct, actions, and inaction, Plaintiff has suffered substantial harm, including but not limited to: the inability to access, utilize, and benefit from his own depository funds; out-of-pocket financial losses; the considerable expenditure of time in his efforts to notify Defendant of the unauthorized electronic fund transfer and to dispute the transactions; the extensive labor and effort invested in attempting to recover his funds; and emotional distress. Plaintiff has endured ongoing fear over the possibility of further unauthorized electronic fund transfers—transfers that Plaintiff reasonably believes Defendant will continue to ignore or fail to rectify, thereby leaving his financial security vulnerable and unresolved.

96. As a result of each and every violation of the EFTA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

**COUNT II**
**Common Law Conversion**

97. Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

98. At all relevant times, Plaintiff was entitled to the exclusive use, possession, and enjoyment of the funds in Plaintiff's Account.

99. At the time of the transfers, Defendant did not have the present right to use, take possession of, or move the funds in Plaintiff's Account.

100. By unlawfully refusing to credit the funds back to Plaintiff, Defendant intentionally invaded, interfered with, and deprived Plaintiff of the use, possession, and enjoyment of his

property without claim of right, and substantially intermeddled with Plaintiff's property without claim of right.

101.  As a direct result of Defendant's conduct, actions, and inaction, Plaintiff has suffered substantial harm, including but not limited to: the inability to access, utilize, and benefit from his own depository funds; out-of-pocket financial losses; the considerable expenditure of time in his efforts to notify Defendant of the unauthorized electronic fund transfer and to dispute the transactions; the extensive labor and effort invested in attempting to recover his funds; and emotional distress. Plaintiff has endured ongoing fear over the possibility of further unauthorized electronic fund transfers—transfers that Plaintiff reasonably believes Defendant will continue to ignore or fail to rectify, thereby leaving his financial security vulnerable and unresolved.

102.  Plaintiff seeks recovery for these damages in an amount to be determined at trial, including but not limited to actual damages, compensatory damages, punitive damages, and any additional relief the Court deems appropriate.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

  i. Determining that Defendant negligently and/or willfully violated the EFTA;

 ii. Pursuant to 15 U.S.C. §1693m, awarding Plaintiff statutory damages, actual damages, punitive damages, and reasonable attorney's fees and costs;

iii. Pursuant to 15 U.S.C. §1693f, awarding Plaintiff treble damages;

 iv. On Plaintiff's common law conversion claim, an award of compensatory damages, including but not limited to out-of-pocket losses, loss of use of funds, and emotional distress, in an amount to be determined at trial;

v. On the conversion claim, an award of punitive damages for Defendant's intentional and unjustified interference with Plaintiff's property rights;

vi. Pre-judgment and post-judgment interest as permitted by law;

vii. Granting further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: April 2, 2025

*/s/ Meir Rubinov*
Meir Rubinov, NY Bar No.: 6077887
**CONSUMER ATTORNEYS**
68-29 Main Street
Flushing, New York 11367
T: 718-640-8123
F: (718) 715-1750
E: mrubinov@consumerattorneys.com

*Attorney for Plaintiff*
*Alexander Claude Palmer*